Date signed October 18, 2013



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHICKEN OUT, INC. | : | Case No. 11-24557PM |
| | : | Chapter 7 |
|       Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JANET M. NESSE, TRUSTEE | : | |
|       Plaintiff | : | |
| vs. | : | Adversary No. 13-0398PM |
| | : | |
| RICHARD HINDIN | : | |
| CHICKEN OUT THE DOOR, INC. | : | |
|       Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

      This case is before the court on the Defendants' Motions filed September 6 and 9, 2013, to set aside the Clerk's default entered August 22, 2013, and to vacate the interlocutory judgment entered September 4, 2013. In view of the absence of prejudice to the Plaintiff, other than the expense of dealing with Defendants' derelictions that can be cured by the imposition of costs upon the Defendants and the Fourth Circuit's judicial preference for trials on the merits, the court will grant the Motions. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417-18 (CA 4 2010); *Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 811-12 (CA4 1988).

      The Trustee's Complaint is simple and straightforward. In connection with the Debtor's motion to sell substantially all of its assets (Dkt. 167) under an agreement with Joseph

Marinucci, nothing was said in the court filings about arrangements for the employment of and equity interests granted to the Debtor's principal, Richard Hindin.  Nor was there a covenant not to compete required of him.

The consulting agreement between Mr. Hindin and Mr. Marinucci, said to have been negotiated and concluded after the sale, provided for payment of $125,000.00 per annum and required that Mr. Hindin spend at least 30 hours a week on company business.  The agreement also provided for incentive compensation of 10% of company EBITDA (earnings before interest, taxes, depreciation and amortization) as well as a provision for 12 months of severance pay for termination without cause, a defined term.  Furthermore, after the recovery of the purchaser's capital investment, Mr. Hindin would receive 20% of the proceeds of any distribution, dividend or sale.  This entitlement survives termination of the consulting agreement.  The agreement was for two years and is automatically renewable for one year terms unless terminated for cause.  Not surprisingly the Trustee is of the opinion that this consulting agreement was a part and parcel of the sales agreement.  It is difficult for her to accept the fact that this is a free standing agreement unrelated to the sales agreement, providing substantial remuneration to Mr. Hindin for invaluable services to be rendered, inasmuch as he was the person running the Debtor and the engineer of the train that brought Chicken Out, Inc. into the Bankruptcy Court and ultimately into a Chapter 7 liquidation.

The second Defendant Chicken Out the Door, Inc. ("COTDI") was the entity that was formed to run the purchased outlets, and the Trustee charges that it commingled the funds of the Debtor with its own stores.  Thus, COTDI received revenues property of the bankruptcy estate for which it was not entitled.  The Trustee seeks the funds received from sales by the three outlets that were not sold to Mr. Marinucci as well as the balance due under the sales agreement and that all funds paid and payable under the consulting agreement be turned over to the estate.

The standard for relief from default set forth in *Payne v. Brake*, 439  F.3d 198, 204-05 (CA4 2006), instructs the trial court to:

> [c]onsider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability  of sanctions less drastic.  *See id.* [*Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp*. 383 F.2d 249, 251 (CA4 1967)]; *see also Lolatchy v. Arthur Murray, Inc*., 816 F.2d 951, 953 (4th Cir.1987).

Here, Mr. Hindin would have a meritorious defense if the court accepts his proposition that the consulting agreement sprung out of entirely separate negotiations, well after the consummation of the sales agreement and that this was never discussed at the outset, but only after Mr. Marinucci perceived that he needed Mr. Hindin's help to succeed in the new venture.

Both the Defendants acted with reasonable promptness.  COTDI claims not to have received the summons and complaint, although it was mailed to its proper address.  It is unlikely that it would overcome the presumption of delivery of a properly mailed document.  *Bosiger v. U.S. Airways*, 510 F.3d 442, 452-53 (CA4 2007); however, since the claim against it is largely based on accounting issues, the court finds the better choice is to allow it to go forward with its defense.  Mr. Hindin urges that he was flooded out of his residence and never saw the summons and complaint.  However, he knew of the complaint close to the time it was filed, having heard so from his attorney, who stipulated to that fact.  His attorney mentions this action in a letter to Marvin Liss, Esq. dated July 18, 2013, that is attached to the Trustee's Opposition.  But neither he nor his attorney followed through and engaged in an ostrich-head-in-the-sand exercise.  Mr. Hindin had personal responsibility to inquire into the situation and take appropriate action.  Likewise his attorney could have avoided the default by a simple inquiry in the court's electronic filing system.

Otherwise this is a new case, and there is no history of dilatory action, nor is there any evidence of prejudice to the Trustee, other than the costs incurred on account of the Defendants' inaction.

The court will avail itself of less drastic sanctions for the Defendants' inaction and impose a charge for the Trustee's attorneys' fees in the sum of $2,850.00.

cc:
Janet M. Nesse, Trustee, 1775 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006
Stephen W. Nichols, Esq., 5301 Wisconsin Avenue, NW, Suite 500, Washington, DC 20015
Alice Pare-Johnson, Esq., 19737 Executive Park Circle, Germantown, MD 20874

**End of Memorandum**